UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| WELLS FARGO BANK, N.A., <br><br> Plaintiff, <br><br> vs. <br><br> BARBARA J. ROOKER FAMILY TRUST, et al., <br><br> Defendants. | Case No: C 10-03503 SBA <br><br> **ORDER REMANDING ACTION** |

Plaintiff filed the instant unlawful detainer action against Defendants in Marin County Superior Court on June 29, 2010. The complaint seeks restitution and possession of certain residential property occupied by Defendants. On August 10, 2010, Defendants filed a pro se notice of removal on the basis of federal subject matter jurisdiction, pursuant to 28 U.S.C. § 1331, diversity jurisdiction, pursuant to 28 U.S.C. § 1332, and under 28 U.S.C. § 1443. Defendants have also filed a request to proceed in forma pauperis (IFP).

1. **Federal Subject Matter Jurisdiction**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States ...." 28 U.S.C. § 1441(a). Under 28 U.S.C. § 1331, district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Federal question jurisdiction is presumed to be absent unless the defendant, as the party seeking to invoke the court's jurisdiction, shows that plaintiff has either alleged a federal cause of action, American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916) ("a suit arises under the law that creates the action"), a state cause of action that turns on a substantial dispositive issue of federal law, Franchise Tax

Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 9 (1983); Smith v. Kansas City Title & Trust Co., 255 U.S. 180, 199 (1921), or a state cause of action that Congress has transformed into an inherently federal cause of action by completely preempting the field of its subject matter, Avco Corp. v. Aero Lodge No. 735, 390 U.S. 557, 560 (1968).

The Court is required to consider issues related to federal subject matter jurisdiction and may do so sua sponte. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 93-94 (1998). A federal court must satisfy itself of its jurisdiction over the subject matter before proceeding to the merits of the case. Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 577, 583 (1999). In the case of a removed action, a district court must remand the case to state court "if at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992). "The presumption against removal means that the defendant always has the burden of establishing that removal is proper." Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009). "[R]emoval statutes are strictly construed against removal." Luther v. Countrywide Home Loans Servicing, LP, 533 F.3d 1031, 1034 (9th Cir. 2008). As such, any doubts regarding the propriety of the removal favor remanding the case. See Gaus, 980 F.2d at 566.

Here, Defendants' notice of removal alleges that Plaintiff, through its lawful detainer action, has violated various of Defendants' federal constitutional rights, and on that basis Defendants assert federal subject matter jurisdiction. See Dkt. 1. However, federal subject matter jurisdiction is premised on the face of the complaint, and cannot lie in anticipated defenses. Specifically, federal courts have jurisdiction over cases in which a "well-pleaded complaint" establishes that federal law creates the cause of action. Franchise Tax Board v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983). Defensive matters are not considered to confer federal question jurisdiction for removal purposes: "a defendant may not remove a case to federal court unless the *plaintiff's complaint* establishes that the case 'arises under' federal law." Id. at 10 (emphasis in original). In reviewing the complaint, it is readily apparent that this case does not satisfy the jurisdictional requirements for federal subject matter jurisdiction. Plaintiff's complaint is for unlawful detainer and does not assert any federal cause

of action.  Thus, at the time of removal, on the record presented, it is facially apparent that this case does not meet the requirements of 28 U.S.C. § 1331 for federal subject matter jurisdiction.

### 2. **Diversity Jurisdiction**

Defendants' assertion of diversity jurisdiction also fails.  Pursuant to 28 U.S.C. § 1332, for diversity jurisdiction to apply, Defendants and Plaintiff must not be residents of the same state and the matter in controversy must exceed the sum or value of $75,000.  Plaintiff's compliant asserts that Plaintiff and Defendants are all residents of California and indicates that the matter in controversy is under $10,000.  Dkt. 1 at 18.  Thus, at the time of removal, on the record presented, it is facially apparent that this case does not meet the requirements of 28 U.S.C. § 1332 for diversity jurisdiction.

### 3. **28 U.S.C. § 1443**

Finally, Defendants assert that removal is appropriate pursuant to 28 U.S.C. § 1443. Section 1443 states:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1)  Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;
>
> (2)  For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

28 U.S.C. § 1443.

For removal pursuant to § 1443(1), Defendants must satisfy a two-pronged test:

> First, the [defendants] must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights. Second, [defendants] must assert that the state courts will not enforce that right, and that allegations must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights.

Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006) (citation and quotations omitted); see also Hewitt v. Stanton, 798 F.2d 1230, 1233 (9th Cir. 1986) (stating that, "[t]o remove a civil

rights case under section 1443, it must appear that the right allegedly denied arises under a federal law 'providing for specific civil rights stated in terms of racial equality,' and that the removal petitioner is denied or cannot enforce the specific federal right in state court"). Here even assuming that Defendants satisfied the first prong, they has not satisfied the second. More specifically, they "point to no formal expression of state law that prohibits them from enforcing their civil rights in state court nor do they point to anything that suggests that the state court would not enforce their civil rights in the state court proceedings." Patel, 446 F.3d at 999.

In addition, section 1443(2) is clearly inapplicable to the instant case. The provision "applies only to federal officers or agents performing their duties under federal civil rights laws, as well as to persons authorized to assist them in affirmatively executing those duties and, if the defendant is sued for refusing to act, only to state officers and those authorized to act under them." Greenwood v. Peacock, 384 U.S. 808, 824 n. 22 (1966). There is nothing to indicate that Defendants are federal or state officers or persons authorized to act under such an officer. Accordingly,

IT IS HEREBY ORDERED THAT the instant action is REMANDED to the Superior Court of California, Marin County. Defendants' IFP application is DENIED as moot. The Clerk shall close this file and terminate all pending matters.

IT IS SO ORDERED.

Dated: February 2, 2011

_____
SAUNDRA BROWN ARMSTRONG
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

WELLS FARGO BANK N.A. et al,

       Plaintiff,

  v.

BARBARA J. ROOKER FAMILY TRUST et al,

       Defendant.
                                           /

Case Number: CV10-03503 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 3, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Christopher Jamar Summers
P.O. Box 260
448 Ignacio Blvd
Novato, CA 94949

Dated: February 3, 2011

                                      Richard W. Wieking, Clerk

                                              By: LISA R CLARK, Deputy Clerk